IN THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

| | |
|---|---|
| AARON B. STALEY and his wife,<br>TANESIA STALEY,<br><br>　　　　Plaintiffs<br><br>vs.<br><br>WACKER POLYSILICON NORTH<br>AMERICA, LLC, a Tennessee limited<br>liability company,<br><br>　　　　Defendant | No. V-21-360<br><br>Judge Sharp<br><br>JURY DEMAND |

# COMPLAINT

Come the plaintiffs, Aaron B. Staley and his wife, Tanesia Staley, by and through counsel, and file this Complaint to bring this personal injury action against the above-named defendants, and for cause of action state:

PARTIES, JURISDICTION & VENUE

1. Plaintiffs, Aaron B. Staley and his wife, Tanesia Staley, are residents of Marion County, Tennessee.

2. Defendant, Wacker Polysilicon North America, LLC, (hereinafter "Wacker") is a limited liability company doing business in Tennessee. The registered agent for service of process in the State of Tennessee for this defendant is Brian L. Eftink, 553 McBryant Road, N.W., Charleston, TN 37310-6639.

**EXHIBIT A**

3. This action arises from personal injuries suffered by the plaintiff, Aaron B. Staley, in Charleston, Bradley County, Tennessee, as a direct and proximate result of the exposure to silicon tetrachloride located on the premises of Wacker's factory in Charleston, Tennessee.

4. Based upon the foregoing, jurisdiction and venue properly lie in this court.

## ACTS OF DEFENDANTS

5. Whenever in this Complaint it is alleged that the defendant did any act or thing, or failed or omitted to do any act or thing, it is meant that the corporate officers, directors, owners, agents, servants, and/or employees of such defendants performed, participated in, failed or omitted to perform such acts or things, individually and/or collectively, while in the course and scope of their relationship, employment and/or agency with said defendant.

## FACTS

6. On July 24, 2020, the plaintiff, Aaron B. Staley, was working in the course and scope of his employment for the defendant, Jake Marshall, and was on a job assignment at the Defendant Wacker's job site located in Charleston, Tennessee. Defendant Wacker had cleared the job site and issued a work permit. At all times, Defendant Wacker controlled and insured that the pipes were de-energized prior to issuing each day's work permit. Only the plaintiff's crew and Wacker personnel were allowed in the area of the subject job site. After working that morning, the plaintiff's crew all went for their short lunch break. Unbeknownst to them upon their return, a Wacker agent or employee had recklessly and negligently re-energized the subject pipeline and failed to warn or disclose to the plaintiff or members of his crew that the subject pipe to be worked on after lunch had been re-energized with silicon tetrachloride (STC). STC is a known ultra hazardous chemical known to cause severe burns to the skin upon contact. Upon return from the subject lunch break, Plaintiff's crew began working on the pipeline on the second floor and

-2-

disconnected a blind from the subject pipeline and immediately were subject to exposure to severe amounts of STC. As a direct and proximate result, plaintiff Aaron Staley suffered severe burns to various parts of his body. Plaintiff Staley still suffers from the effects of his physical burn injuries, including skin grafting and permanent scarring and disfigurement.

## CAUSES OF ACTION
## NEGLIGENCE

7. Plaintiffs aver that the defendant had a duty to provide a reasonably safe workplace and had assumed the duty to insure the subject pipes were not energized with STC, recklessly and negligently re-energized the subject pipeline and improperly failed to warn of the same thereby causing Mr. Staley's severe injuries and the plaintiffs' resulting damages. Prior to working on the subject pipeline after lunch on July 24, 2020, Mr. Staley did not receive any warning and/or notice, either verbally or in writing, of any potential danger that the subject pipeline had been re-energized with STC. Further, Defendant Wacker handled all duties of energizing and de-energizing the subject pipes in the subject work area before issuing a work permit to the Jake Marshall employees including plaintiff Staley. No one was supposed to re-energize the subject pipeline after Defendant Wacker issued the subject day's work permit to the Jake Marshall crew including the plaintiff. Thus, plaintiff Staley and his crew had no reason to discover that the Defendant Wacker, through its agent(s) or employee(s), had re-energized the subject pipeline until after Mr. Staley was severely injured. The defendant breached its duty to warn the plaintiff Mr. Staley of the dangerous or unsafe condition and, thus, the defendant is liable for the plaintiff's injuries and damages proximately caused by their negligent acts and omissions.

## RES IPSA LOQUITOR

8. Plaintiffs allege that the above-described acts and omissions by the defendant formed the proximate cause of all injuries and damages sustained by the plaintiffs. Plaintiffs specifically aver that the doctrine of *res ipsa loquitur* is applicable to all such acts, omissions and/or failures by the defendant, as an event such as re-energizing the subject pipeline and failure to warn of the same, does not ordinarily occur in the absence of negligence as only Defendant Wacker had control and access to the subject area in the absence of the Plaintiff's crew, and this renders the defendant liable for Plaintiffs' damages as a matter of law.

## VICARIOUS LIABILITY

9. Plaintiffs aver that the defendant is liable for any and all acts or omissions of its officers, directors, owners, agents, servants, and/or employees, under the doctrine of respondeat superior, by theories of vicarious liability and pursuant to principles of agency.

## CAUSATION

10. Plaintiffs hereby incorporate by reference the allegations and causes of action pled in the preceding Paragraphs of this Complaint. The foregoing common law negligent acts and omissions committed by the defendants, did directly and proximately cause the exposure to STC, and thereby proximately caused the injuries and damages suffered by the Plaintiffs as set forth herein below.

## SPECIAL & GENERAL DAMAGES

11. Plaintiffs hereby incorporate by reference the allegations and causes of action pled in the preceding Paragraphs of this Complaint. Plaintiffs aver that Aaron B. Staley was severely injured, and that the plaintiffs were caused to incur the following damages:

A.  Severe personal injuries, resulting in permanent medical impairment and scarring;

B.  Pain and suffering, past and future;

C.  Mental anguish, past and future;

D.  Loss of the enjoyment of life, past and future;

E.  Physician, hospital and other medical expenses, past and future;

F.  Lost wages, disability and loss of future earning capacity; and

G.  Loss of services and loss of consortium for the plaintiff Tanesia Staley, as the wife of Aaron B. Staley.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs sue the defendant for compensatory damages in the amount of up to **SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00)**, damages for accrued post-judgment interest at the legal rates, the costs of this cause, including reasonable expenses, and any and all further damages to which they may be entitled. PLAINTIFFS DEMAND A JURY OF TWELVE PERSONS TO TRY THESE ISSUES WHEN JOINED.

Respectfully submitted,

McMAHAN LAW FIRM

By: _____
James R. Kennamer, BPR #16172
Attorneys for Plaintiffs
P.O. Box 11107
Chattanooga, TN 37401
423/265-1100
Fax: 423/266-1981
jay@mcmahanlawfirm.com

# IN THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

AARON B. STALEY and his wife, )
TANESIA STALEY, )
)
    Plaintiffs )   No. V-21-360
)
vs. )   Judge Sharp
)
WACKER POLYSILICON NORTH )   JURY DEMAND
AMERICA, LLC, a Tennessee limited )
liability company, )
)
    Defendant )

FILED 2021 JUL 27 AM 11:54
GAYLA H. MILLER CIRCUIT COURT CLERK

## SUMMONS

TO:   Wacker Polysilicon North America, LLC, a Tennessee limited liability company
        SERVE REGISTERED AGENT VIA BRADLEY CO. SHERIFF:
    Brian L. Eftink, 553 McBryant Road, N.W., Charleston, TN 37310-6639

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Bradley County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Bradley County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WITNESSED and issued this 15th day of July, 2021.

Circuit Court of Bradley County         Gayla Miller, Circuit Court Clerk
205 Courthouse
155 N. Ocoee Street
Cleveland, TN 37311         By: Gerri Romerger
423/728-7214                       Deputy Circuit Court Clerk

Attorneys for Plaintiff   James R. Kennamer, BPR #16172    McMahan Law Firm
                          P.O. Box 11107, Chattanooga, TN 37401    423/265-1100
                                                            Address

Plaintiff's Address     c/o attorney

    Received this _____ day of _____, 2021.

                                              /S/_____
                                                     Deputy Sheriff

STATE OF TENNESSEE
COUNTY OF BRADLEY

I, Gayla Miller, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

GAYLA MILLER, Circuit Court Clerk

## OFFICER'S RETURN

I certify that I served this summons together with the complaint as follows:

__✓__ On __7-22__, 20__21__ /0:05, I delivered a copy of the summons and complaint to the defendant, __WACKER__ X Karla Walker

____ Failed to serve this summons within 30 days after its issuance because: _____

SHERIFF

_____
Deputy Sheriff

## CLERK'S RETURN

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of _____, 20____.

_____
Defendant

Gayla Miller, Circuit Court Clerk

_____
urt Clerk

**Bradley County Sheriff's Office**
2290 Blythe Ave. SE
Cleveland, TN. 37311
Judicial Services

No. 112386
DATE 07/19/2021

RECEIVED FROM __McMahan Law Firm PC__ $ __42.00__
__Chattanooga, TN — ck# 22943__
FOR __Bradley Co, TN — #V-21-360__
AMOUNT OF ACCOUNT $ _____
AMOUNT PAID $ __42.00__
BALANCE DUE $ _____

☒ CASH
☐ CHECK
☐ M.O.
☐ CREDIT CARD

Thank You!
BY __Conley__

:om execution or seizure to satisfy
ı property as exempt, you must file
. The list may be filed at any time
udgment becomes final, it will not
items are automatically exempt by
yourself and your family and trunks
l school books. Should any of these
exemption right or how to exercise